UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. 2:17-cv-00199-TLN-DB |
| Plaintiff, | |
| v. | **ORDER** |
| TYRONE G. SALES; LASHON SALES; and DOES 1 to 20, inclusive, | |
| Defendants. | |

This matter is before the Court pursuant to Defendants Tyrone Sales and Lashon Sales' ("Defendants") Notice of Removal. (ECF No. 1.) For the reasons set forth below, the Court remands the action to the Superior Court of California, County of Placer, due to lack of subject matter jurisdiction.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 14, 2016, Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") filed an unlawful detainer action in the Placer County Superior Court of California. (Not. of Removal, ECF No. 1.) The complaint alleged that on August 23, 2016, Defendants were given a "3/90-day Notice to Quit and Notice to Any Renters at the Property stating that Plaintiff had purchased the Property and that its title had been duly perfected and demanding that Defendants and all those occupying

the Property, quit and deliver up possession of the Property to Plaintiff within three days after service of said Notice." (ECF No. 1-1 at 5.) Defendants did not comply with either order and the total damages sought were $100 per day from August 27, 2016, through the date of judgement. (ECF No. 1-1 at 6.) On January 27, 2017, Defendants filed a Notice of Removal in the United States District Court, Eastern District of California. (ECF No. 1.) In the Notice of Removal, Defendants allege the Court has jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. (ECF No. 1 at 2.)

## II.  STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556

U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

### III.   ANALYSIS

Defendants state in the notice of removal that jurisdiction is proper under 28 U.S.C. § 1332.  (ECF No. 1 at 2.)  Defendants claim that complete diversity exists and that the amount in controversy should be "measured by the value of the object of the litigation… the subject property, which is currently worth $ 1,414,611.00."  (ECF No. 1 at 4.)  After reviewing the Notice of Removal, the Court concludes that Defendants do not present a viable argument to support federal jurisdiction.

Defendants cannot satisfy the requirements for diversity jurisdiction under section 1332.  Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States."  The burden of proving the amount in controversy depends on the allegations in the plaintiff's complaint.  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998, 1000 (9th Cir. 2007).  When the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty.  *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009).

Plaintiff alleges damages calculated at $100.00 per day from August 27, 2016, through the date of judgement.  (ECF No. 1-1 at 6.)  Plaintiff, however, explicitly waives all damages in excess of the jurisdictional limit of the Superior Court of California in its complaint.  (ECF No. 1-1 at 6.)  Furthermore, Plaintiff stated that the amount demanded was less than $25,000.00 and did not exceed even $10,000.  (ECF No. 1-1 at 3, 4.)

Defendants contend that the value of the object of this litigation is the value of the entire property, which Defendants state is worth $1,414,611.00, rather than the value of the monetary

3

damages Plaintiff has demanded. (ECF No. 1 at 4.) Defendants do not cite any legal authority in support of their contention. Defendants do not prove with legal certainty that the damages sought on the face of the complaint would exceed $75,000 at the time of removal. Therefore, Defendants fail to meet their burden of showing that the amount in controversy exceeds $75,000.

Defendants have failed to meet their burden of showing that jurisdiction before this Court is proper based on diversity jurisdiction. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby REMANDS this action to the Superior Court of California, County of Placer.

IT IS SO ORDERED.

Dated: February 1, 2017

Troy L. Nunley
United States District Judge